IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

VICKI C. LYCAN,

        Plaintiff,

V.                                                                    CIVIL ACTION NO. 3:08-1387

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

## MEMORANDUM ORDER

       In this action, filed under the provisions of 42 U.S.C. § 405(g), plaintiff seeks review of the final decision of the Commissioner of Social Security denying her application for disability insurance benefits. The case is presently pending before the Court on cross-motions of the parties for judgment on the pleadings.

       Plaintiff filed her applications on December 6, 2004, alleging disability commencing March 30, 2004, as a consequence of leg, neck, hand, hip and knee pain, depression, arthritis and bulging discs. On appeal from an initial and reconsidered denial, an administrative law judge, after hearing, found plaintiff not disabled in a decision which became the final decision of the

Commissioner when the Appeals Council denied a request for review. Thereafter, plaintiff filed this action seeking review of the Commissioner's decision.

At the time of the administrative decision, plaintiff was fifty-two years of age and had obtained a high school education and completed 2 years of college and vocational training. Her past relevant employment experience consisted of work as an accounts payable clerk, administrative assistant, accountant, office manager, receptionist and real estate agent. In his decision, the administrative law judge determined that plaintiff suffers from right hip pain/coxalgia and degenerative disc disease of the cervical spine, impairments which he found severe. Concluding that plaintiff had the residual functional capacity for a limited range of sedentary level work and that her past work was not precluded by these limitations, the administrative law judge found her not disabled.

From a review of the record, it is apparent that deficiencies exist that will require remand for further proceedings. Plaintiff contends that the administrative law judge failed to properly consider the opinion of her treating physician, Dr. Holmes, that she was disabled. An administrative law judge is to consider the following when evaluating medical opinions: "(1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist."[1] The regulations make clear that the administrative law judge "will not give any special significance to the source of an opinion on issues reserved to the Commissioner . . . ."[2] They also state that "[t]he responsibility for deciding ... residual functional

---

[1] Johnson v. Barnhart, 434 F.3d 650, 654 (4th Cir. 2005) (citing 20 C.F.R. § 404.1527).

[2] 20 C.F.R. § 404.1527(e)(3)

capacity rests with the administrative law judge or Appeals Council,"[3] and that the Commissioner must "give good reasons in [the] notice of determination or decision for the weight [given a] treating source's opinion."[4] Also, SSR 96-5p makes clear that these opinions "must never be ignored," and that the administrative law judge "must explain the consideration given to the treating source's opinion."

The administrative law judge's decision in this case is completely devoid of any consideration of Dr. Holmes' opinion, and appears as though it was merely ignored. The administrative law judge may not merely make a blanket statement that he has considered the "medical evidence of record." Doing so makes it impossible for the Court to conduct a reasoned review, as it is unclear whether he has even considered Dr. Holmes' opinion. Dr. Holmes has treated plaintiff for an extended period, and his opinion regarding her ability to work should, at the very least, be mentioned by the administrative law judge. By failing to explain the consideration given to this opinion, the administrative law judge has run afoul of the applicable Social Security Ruling.

It is clear from the foregoing that the administrative law judge's findings with respect to the opinion evidence are simply insufficient for the Court to conduct a proper review and that remand is warranted. On remand, the parties should be permitted to submit additional evidence, and the Commissioner shall then re-evaluate the claim based on all of the evidence in the record, including any newly submitted materials.

---

[3] Id. § 404.1546

[4] Id. § 404.1527(d)(2)

On the basis of the foregoing, it is **ORDERED** that this case be remanded to the Commissioner for further proceedings consistent with this Memorandum Order.

The Clerk is directed to transmit a copy of this Memorandum Order to all counsel of record.

ENTER: March 31, 2010

MAURICE G. TAYLOR, JR.
UNITED STATES MAGISTRATE JUDGE